IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PHILIP E. RAMSEY,** | : | Civil No. 1:17-cv-2278 |
| Plaintiff, | : | |
| v. | : | |
| **HARRISBURG HILTON,** | : | |
| Defendant. | : | Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

The plaintiff in this action, Philip E. Ramsey, has filed a complaint (Doc. 1) and motion to proceed *in forma pauperis* (Doc. 2). For the following reasons, the complaint will be dismissed, without prejudice, for Ramsey's failure to state a claim upon which relief may be granted by failing to comply with Rule 8 of the Federal Rules of Civil Procedure.

## **I.** **Legal Standard**

Pursuant to 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a civil suit, without prepayment of fees, by a person who submits an affidavit that includes a statement that the person is unable to pay such fees. A litigant seeking to proceed in forma pauperis must establish that he is unable to pay the costs of his suit. *Walker v. People Express Airlines*, 886 F.2d 598, 601 (3d Cir. 1989).

A civil complaint must comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure which provides that:

> A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

While a complaint filed by a *pro se* litigant is to be liberally construed and held to a less stringent standard than formal complaints drafter by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "*pro se* litigants still must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina*, 704 F.3d 239, 245 (3d Cir. 2013).

## II. Discussion

Preliminary, the court finds that Ramsey has failed to show an inability to pay warranting the court to grant his motion to proceed *in forma pauperis*. Indeed, Ramsey indicates that he has received income in the past twelve months from "business, profession or other self-employment" and notes only that the amount of money he has in cash or in a checking and savings account is "TBD." Thus, the court will deny Ramsey's motion to proceed *in forma pauperis* without prejudice to the filing of an amended application.

The court also finds that dismissal of this complaint is appropriate since it is well-settled that "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise and direct,' Fed. R. Civ. P. 8(e)(1)." *Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible," id., or when a complaint "is also largely unintelligible," *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing the complaint under Rule 8 is clearly appropriate. A complaint may also be dismissed under Rule 8 when, as here, the pleading is simply illegible and cannot be understood. *See*, *e.g.*, *Moss v. United States*, 329 F. App'x 335 (3d Cir. 2009).

Ramsey's complaint is wholly unclear and illegible. In fact, the court is unable to decipher several words of the one sentence claim outlined in the complaint. Based on the limited information it can ascertain, the court is also concerned that it does not have subject matter jurisdiction over the lawsuit. On his civil cover sheet, Ramsey seeks to invoke federal question jurisdiction, but he also refers to the case as one involving diversity jurisdiction sounding in contracts.

## III. Conclusion

While this analysis calls for dismissal of this action in its current form, the court will provide Ramsey with another, final opportunity to further litigate this matter by filing an amended complaint and application to proceed *in forma pauperis*.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: December 12, 2017